UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET MARIE DEYERBERG,<br><br>Plaintiff,<br><br>v.<br><br>ERIC HOLDER, in his official capacity as United States Attorney General, et al.,<br><br>Defendants. | Civil Action No. 10-0671 (JDB) |

## MEMORANDUM

Currently before the Court is Janet Marie Deyerberg's pro se complaint. Because her claims are patently frivolous, the Court will sua sponte dismiss Deyerberg's complaint.

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citations and internal quotation marks omitted); accord Tooley v. Napolitano, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it 'is patently insubstantial, presenting no federal question suitable for decision.'" (quoting Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994))). Claims are unsubstantial and frivolous if they are "essentially fictitious," or advance "bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," or some type of "supernatural intervention." Best, 39 F.3d at 330. "In such cases, a district court may dismiss the case sua sponte." Watson v. United States, 2009 WL 377136, *1 (D.D.C. 2009).

A review of Deyerberg's complaint reveals that her allegations meet this "essentially fictitious" or "obviously frivolous" standard. Deyerberg alleges, among many other things, that Washington Post reporters have been surveilling her -- with assistance from various law enforcement agencies -- for her entire adult life, Compl. ¶ 30; that these reporters "have access to 'vault' films kept on all of us housed by a Federal agency," Compl. ¶ 82; that various law enforcement agents stole manuscripts from her computer and home, and then submitted them for book and movie deals, Compl. ¶¶ 50-56, 69; that the government paid people to participate in "secret hearings" about her, Compl. ¶ 98; and that "there are some [people] with national security power who can . . . affect the weather via perhaps electromagnetic waves," Compl. ¶ 115.

The Court is mindful that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, Deyerberg's claims suggesting "bizarre conspiracy theories" are clearly fantastic, delusional, and "essentially fictitious." Best, 39 F.3d at 330. Indeed, this is not the first time she has raised such unbelievable allegations. See Deyerberg v. Woodward, 2004 WL 3564198, at *2 (D. Md. 2004) (dismissing sua sponte Deyerberg's "fantastic and delusional" complaint). Accordingly, the Court will dismiss Deyerberg's complaint for lack of subject-matter jurisdiction. A separate Order accompanies this Memorandum.

/s/
JOHN D. BATES
United States District Judge

Dated: May 26, 2010